1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS,
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9
                  UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12 CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU) HELP OTHERS, a California public benefit corporation, | **CASE NO.** **Civil Rights** |

CRAIG YATES, an individual; and )
DISABILITY RIGHTS, ENFORCEMENT, )
EDUCATION, SERVICES:HELPING YOU )
HELP OTHERS, a California public benefit )
corporation, )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )
                                        )
WINTER PROPERTIES a general             )
Californai partnership; ANDRADE LUZ     )
BEATRICE and ARMANDO ROBLES             )
CORONEL, individuals dba TAQUERIA       )
EL CORONEL,                             )
                                        )
        Defendants.                     )
_____)

**CASE NO.**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants WINTER PROPERTIES a general Californai partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL and allege as follows:

**INTRODUCTION:**

1.    This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' TAQUERIA EL CORONEL , a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about December 22, 2006 and January 26, 2007, was an invitee, guest, patron, customer at defendants' TAQUERIA EL CORONEL , in the City of Sebastopol, California.  At said time and place, defendants failed to provide proper legal access to the restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to bar/dining entry, men's restroom and women's restroom .  The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1015 Gravenstein Hwy., in the City of Sebastopol, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a paraplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.     That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject TAQUERIA EL CORONEL , and that the interests of plaintiff DREES in removing architectural barriers at the subject Mexican restaurant advance the purposes of DREES to assure that all public accommodations, including the subject restaurant, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.     Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as TAQUERIA EL CORONEL , located at/near 1015 Gravenstein Hwy., Sebastopol, California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, own and operate in joint venture the subject TAQUERIA EL CORONEL as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

10.    At all times relevant to this complaint, defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL are jointly and severally responsible to identify and remove architectural barriers at the subject pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201          General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The TAQUERIA EL CORONEL , is a restaurant, located at/near 1015 Gravenstein Hwy., Sebastopol, California.  The TAQUERIA EL CORONEL , its bar/dining entry, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the TAQUERIA EL CORONEL  and each of its facilities, its bar/dining entry, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the TAQUERIA EL CORONEL  as being handicapped accessible and handicapped usable.

14.    On or about December 22, 2006 and January 26, 2007, plaintiff CRAIG YATES was an invitee and guest at the subject TAQUERIA EL CORONEL , for purposes of having a meal.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.     On or about December 22, 2006, plaintiff CRAIG YATES entered the restaurant of TAQUERIA EL CORONEL .  Plaintiff wanted to enter the bar/dining area but could not do so.  There was a step down to the lower dining area but no ramp.

16.      On or about January 26, 2007, plaintiff CRAIG YATES was once again a patron at TAQUERIA EL CORONEL.  Plaintiff CRAIG YATES wanted to enter the bar/dining area but as there was no ramp to the lower area plaintiff CRAIG YATES could not access it.

17.     At said time and place, plaintiff CRAIG YATES had his meal and had need to use an accessible restroom.  It did not matter whether it was a men's or women's restroom.  Plaintiff CRAIG YATES inquired as to where the men's restroom was located and was informed that it was on the level of the bar/dining area.  Plaintiff CRAIG YATES was informed to go out the restaurant and around to the side of the building and enter through the emergency doorway.  This plaintiff CRAIG YATES did.

18.     At said time and place, plaintiff CRAIG YATES wheeled back into the restaurant and attempted to access the men's restroom.  Plaintiff CRAIG YATES was unable to do so because a sheet rock wall blocked the pathway to the restroom.  It was simply too narrow.  Said wall could easily be removed allowing a clear path of travel to the men's and women's restroom. Plaintiff CRAIG YATES began to suffer from Autotomic Dysreflexia, became sick and wheeled immediately back to his van to relieve himself.

///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject TAQUERIA EL CORONEL  which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.     lack of an accessible entrance path of travel to the bar/dining area;

        b.     lack of a handicapped-accessible women's public restroom;

        c.     lack of a handicapped-accessible men's public restroom;

        d.     lack of clear path of travel to the men's and women's restroom;

        e.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

20.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

21.    On or about March 13, 2007, the manager for TAQUERIA EL CORONEL  was sent a letter by plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response.   Said letter is attached hereto as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

22.    At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23.    As a legal result of defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

24.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically on January 26, 2007, as a legal result of defendants negligence in the design, construction and maintenance of the existing path of travel to the men's restroom, plaintiff CRAIG YATES was unable to use the restroom in time and began to suffer Atomic Dysreflexia). Plaintiff CRAIG YATES further suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

25.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, because defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL [maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the bar/dining entry, men's restroom, women's restroom, and other public areas as stated herein], and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

27.    On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

28.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the TAQUERIA EL CORONEL  to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the TAQUERIA EL CORONEL  as a public facility.  Plaintiffs seek damages for violation of their civil rights on December 22, 2006 and January 26, 2007 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that plaintiff CRAIG YATES was deterred from returning to the restaurant because of his knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

29.    On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

30.    Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the TAQUERIA EL CORONEL  accessible to persons with disabilities.

31.    On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other restaurants, Taquerias and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

32.    Plaintiffs are informed and believe and therefore allege that defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, and each of them, caused the subject building(s) which constitute the TAQUERIA EL CORONEL to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the Taqueria and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the restaurant and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

2  51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

3        33.    On personal knowledge, information and belief, the basis of defendants' actual

4  and constructive notice that the physical configuration of the facilities including, but not limited

5  to, architectural barriers constituting the TAQUERIA EL CORONEL  and/or building(s) was in

6  violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but

7  is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,

8  owners of other restaurants, hotels, motels and businesses, notices they obtained from

9  governmental agencies upon modification, improvement, or substantial repair of the subject

10 premises and other properties owned by these defendants, newspaper articles and trade

11 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

12 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000,

13 and other similar information.  Defendants' failure, under state and federal law, to make the

14 TAQUERIA EL CORONEL  accessible is further evidence of defendants' conscious disregard

15 for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being

16 informed of such effect on plaintiff and other persons with physical disabilities due to the lack of

17 accessible facilities, defendants, and each of them, knowingly and willfully refused to take any

18 steps to rectify the situation and to provide full and equal access for plaintiffs and other persons

19 with physical disabilities to the restaurant.  Said defendants, and each of them, have continued

20 such practices, in conscious disregard for the rights of plaintiffs and other persons with physical

21 disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had

22 further actual knowledge of the architectural barriers referred to herein by virtue of the demand

23 letter addressed to the defendants and served concurrently with the summons and complaint.

24 Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons

25 with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

26 safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble

27 damages per Civil Code §§52 and 54.3.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    34.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

2    the disability community which it serves, consisting of persons with disabilities, would, could

3    and will return to the subject public accommodation when it is made accessible to persons with

4    disabilities.

5    I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

6    (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

7    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WINTER PROPERTIES a general California

8    partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, inclusive)

9    (42 U.S.C. §12101, *et seq.*)

10    35.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

11    the allegations contained in paragraphs 1 through 34 of this complaint.

12    36.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

13    §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

14    protect:

15    some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and

16    segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a

17    serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality

18    of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing

19    existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an

20    equal basis and to pursue those opportunities for which our free society is justifiably famous.

21

22    37.    Congress stated as its purpose in passing the Americans with Disabilities Act of

23    1990 (42 U.S.C. §12102):

24    It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of

25    discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing

26    discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the

27    standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional

28    authority, including the power to enforce the 14th Amendment and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

38.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(B) a restaurant, bar or other establishment serving food or drink;

> 42 U.S.C. §12181(7)(B)

39.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

40.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1           (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
2           facilities . . . where such removal is readily achievable; and

3           (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
4           make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
5           methods are readily achievable.

6  The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,

7  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -

8  Effective January 31, 1993, the standards of the ADA were also incorporated into California

9  Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and

10  52(a) and 54.3.

11       41.    The removal of the barriers complained of by plaintiffs as hereinabove alleged

12  was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

13  TAQUERIA EL CORONEL  pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information

14  and belief, if the removal of all the barriers complained of herein together was not "readily

15  achievable," the removal of each individual barrier complained of herein was "readily

16  achievable."  On information and belief, defendants' failure to remove said barriers was likewise

17  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C.

18  §12182 (b)(2)(A)(i)and (ii).

19       42.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

20  accomplishable and able to be carried out without much difficulty or expense."  The statute

21  defines relative "expense" in part in relation to the total financial resources of the entities

22  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

23  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

24  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

25  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

26  make the required services available through alternative methods which were readily achievable.

27       43.    On information and belief, construction work on, and modifications of, the subject

28  building(s) of TAQUERIA EL CORONEL  occurred after the compliance date for the Americans

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    with Disabilities Act, January 26, 1992, independently triggering access requirements under Title

2    III of the ADA.

3        44.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

4    *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

5    Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

6    basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

7    are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

8    returning to or making use of the public facilities complained of herein so long as the premises

9    and defendants' policies bar full and equal use by persons with physical disabilities.

10        45.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with

11    a disability to engage in a futile gesture if such person has actual notice that a person or

12    organization covered by this title does not intend to comply with its provisions".  Pursuant to this

13    section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

14    January 26, 2007 , but on information and belief, alleges that defendants have continued to

15    violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

16    access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

17    §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

18    facilities readily accessible to and usable by individuals with disabilities to the extent required by

19    this title".

20        46.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

21    Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

22    the Americans with Disabilities Act of 1990, including but not limited to an order granting

23    injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

24    deemed to be the prevailing party.

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

II.    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.** (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

47.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

49.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

50.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Civil Code §54.1(d)

51.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' TAQUERIA EL CORONEL .  As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the restaurant because of their knowledge and belief that the restaurant is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

52.     On or about December 22, 2006 and January 26, 2007, plaintiff CRAIG YATES suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff CRAIG YATES was denied access to bar/dining entry, men's restroom, women's restroom and other public facilities as stated herein at the TAQUERIA EL CORONEL  and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

53.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff CRAIG YATES  suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    architectural barriers.  Specifically on or about January 26, 2007, as a legal result of defendants

2    negligence in the design, construction and maintenance of the existing pathway to the restrooms,

3    plaintiff CRAIG YATES was unable to relieve himself and suffered Atomic Dysreflexia).

4    Plaintiff CRAIG YATES also suffered emotional distress, mental distress, mental suffering,

5    mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

6    disappointment and worry, all of which are expectedly and naturally associated with a denial of

7    access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

8    Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

9    basis that plaintiffs are persons or an entity that represents persons with physical disabilities and

10   unable, because of the architectural barriers created and maintained by the defendants in violation

11   of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

12   other persons.

13        54.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

14   and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

15   plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

16   about December 22, 2006 and January 26, 2007, and on a continuing basis since then, including

17   statutory damages, a trebling of all of actual damages, general and special damages available

18   pursuant to §54.3 of the Civil Code according to proof.

19        55.    As a result of defendants', and each of their, acts and omissions in this regard,

20   plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

21   plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

22   disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

23   the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

24   lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

25   Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

26   plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

27   the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

28   party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2    **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
     (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL inclusive)
     (Health & Safety Code §19955, *et seq.*)

7    56.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

8    the allegations contained in paragraphs 1 through 55 of this complaint.

9    57.    Health & Safety Code §19955 provides in pertinent part:

10   The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

16   58.    Health & Safety Code §19956, which appears in the same chapter as §19955,

17   provides in pertinent part, "accommodations constructed in this state shall conform to the

18   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

19   Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

20   public accommodations constructed or altered after that date.  On information and belief,

21   portions of the TAQUERIA EL CORONEL  and/or of the building(s) were constructed and/or

22   altered after July 1, 1970, and substantial portions of the Taqueria and/or the building(s) had

23   alterations, structural repairs, and/or additions made to such public accommodations after July 1,

24   1970, thereby requiring said Taqueria and/or building to be subject to the requirements of Part

25   5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

26   additions per Health & Safety Code §19959.

27   59.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

28   Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of TAQUERIA EL CORONEL  and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

60.    Restaurants such as the TAQUERIA EL CORONEL  are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

61.    As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

62.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

63.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL inclusive)
(Civil Code §51, 51.5)

64.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 63 of this complaint.

65.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336)
> shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

66. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

67. Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1 the entirety of their above cause of action for violation of the Americans with Disabilities Act at

2 §35, *et seq.*, as if repled herein.

3     68.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as

4 hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury.

5 (Specifically on or about January 26, 2007, as a legal result of defendants negligence in the

6 design, construction and maintenance of the existing partition which blocked use of the men's

7 restroom, plaintiff CRAIG YATES suffered Atomic Dysreflexia by being prevented from the

8 timely use of the restroom).  Plaintiff CRAIG YATES further suffered emotional distress (all to

9 plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

10 Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the

11 Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

12 "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed

13 by statute, according to proof if deemed to be the prevailing party.

14 **PRAYER:**

15     Plaintiffs pray that this court award damages and provide relief as follows:

16 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
       PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
17     DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
       (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
18     EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
       corporation, and Against Defendants WINTER PROPERTIES a general California
19     partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL,
       individuals dba TAQUERIA EL CORONEL, inclusive)
20     (42 U.S.C. §12101, *et seq.*)

21     1.    For injunctive relief, compelling defendants WINTER PROPERTIES a general

22 California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL,

23 individuals dba TAQUERIA EL CORONEL, inclusive, to make the TAQUERIA EL CORONEL

24 , located at 1015 Gravenstein Hwy., Sebastopol, California, readily accessible to and usable by

25 individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications

26 in policies, practice, eligibility criteria and procedures so as to afford full access to the goods,

27 services, facilities, privileges, advantages and accommodations being offered.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, inclusive, to make the TAQUERIA EL CORONEL , located at 1015 Gravenstein Hwy., Sebastopol, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    General and compensatory damages according to proof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, inclusive, to make the TAQUERIA EL CORONEL, located at 1015 Gravenstein Hwy., Sebastopol, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5.   Prejudgment interest pursuant to Civil Code §3291; and

6.   Such other and further relief as the court may deem just and proper.

**VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants WINTER PROPERTIES a general California partnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.   General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: May 2, 2007                          THOMAS E. FRANKOVICH
                                            *A PROFESSIONAL LAW CORPORATION*


                                            By: _____/S/_____
                                                  THOMAS E. FRANKOVICH
                                            Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: May 2, 2007                          THOMAS E. FRANKOVICH
                                            *A PROFESSIONAL LAW CORPORATION*


                                            By: _____/S/_____
                                                  THOMAS E. FRANKOVICH
                                            Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Craig Yates

1004 Los Gamos Road, Unit E

San Rafael, CA 94903

March 13, 2007

Manager

El Coronel

1015 South Gravenstein Hwy

Sebastopol, CA 95472

To Whom It Concerns:

My name is Craig Yates. I would like to inform whoever is in charge of fixing the building of my concerns. So please see that my letter goes to those people, and that they write me soon. If you don't own the building why not just tell the owner "fix it" or you won't pay the rent.

I use a wheelchair and have been to the restaurant a couple of times. When I came in I couldn't get to the bar area because you have to step down to it. I also couldn't use the restroom, and I don't think any other wheelchair user could use either of them.

These should be fixed sooner than later. It would help many people other than just wheelchair users. Older people and young people with strollers would benefit from it. I look forward to hearing from whoever is supposed to take on the work.

Sincerely,

Craig Yates