Marvin Pederson     (S.B. No. 85258)
Attorney at Law
1160 N. Dutton Avenue, Suite 150
Santa Rosa, CA 95401

Telephone: (707) 544-9444
Facsimile: (707) 544-5829

Attorney for Defendants WINTER
  PROPERTIES, ANDRADE LUZ
  BEATRICE and ARMANDO ROBLES
  CORONEL, individuals dba TAQUERIA
  EL CORONEL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>WINTER PROPERTIES, a general California parnership; ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, individuals dba TAQUERIA EL CORONEL,<br><br>    Defendants. | No. C-07-2657 JL<br><br>**ANSWER OF DEFENDANT WINTER PROPERTIES TO PLAINTIFFS' UNVERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

The defendant WINTER PROPERTIES answers plaintiffs' unverified Complaint for Injunctive Relief and Damages as follows:

1. Defendant does not at this time have sufficient information and belief to admit or deny the allegations of paragraphs 1, 2, 3, 5, 6, and 7 of the Introduction of the Complaint, therefore denies each and every allegation of said paragraphs.

2. Defendant denies the allegations of paragraphs 8, 9, and 10 as to this answering defendant.

## RESPONSE TO PRELIMINARY FACTUAL ALLEGATIONS

3.  Answering paragraphs 11, 31, and 32 of the Complaint, this answering defendant admits that TAQUERIA EL CORONEL is a restaurant at said location but denies that the facility has undergone any "alterations, structural repairs and additions" that subject the TAQUERIA EL CORONEL to any state and federal disability access requirements during the period of these answering defendants' ownership of the premises.  This answering defendant does not at this time have sufficient information and belief to admit or deny the remaining allegations of paragraphs 11, 31, and 32, and basing its denial thereon denies each and every other allegation of said paragraph.

4.  Defendant does not at this time have sufficient information and belief to admit or deny the allegations of paragraphs 12, 14, 15, 16 17, 18, 19, 22, 23, 24, 26, 27, 28,  30, and 34 of the Complaint, and therefore denies each and every allegation of said paragraphs.

5.  Answering paragraphs 13, 20, 22, 25, 29, and 33 of the Complaint, this answering defendant denies the allegations thereof.

6. Answering paragraph 21 of the Complaint, this answering defendant denies that its failure to respond evidences anything, and denies that it had notice of plaintiffs' letter.

## RESPONSE TO FIRST CAUSE OF ACTION

7. Answering paragraphs 40, 41, 42, and 44 of the Complaint, this answering defendant denies the allegations thereof.

8.  Defendant does not at this time have sufficient information and belief to admit or deny the allegations of paragraphs 43, 45, and 46 of the Complaint, and therefore denies each and every allegation of said paragraphs.

## RESPONSE TO SECOND CAUSE OF ACTION

9.  Defendant does not at this time have sufficient information and belief to admit or deny the allegations of paragraphs 51, 52, and 53 of the Complaint, and therefore denies each and every allegation of said paragraphs.

10. Answering paragraphs 54 and 55 of the Complaint, this answering defendant denies the allegations thereof.

**RESPONSE TO THIRD CAUSE OF ACTION**

11. Answering paragraphs 58, 59, and 61 of the Complaint, this answering defendant denies that the facility has undergone any "alterations, structural repairs and additions" that subject the TAQUERIA EL CORONEL to any state and federal disability access requirements during the period of these answering defendant's ownership of the premises. This answering defendant does not at this time have sufficient information and belief to admit or deny the remaining allegations of paragraphs 58, 59, and 61, and basing its denial thereon denies each and every other allegation of said paragraphs.

12. Defendant does not at this time have sufficient information and belief to admit or deny the allegations of paragraphs 62 and 63 of the Complaint, and therefore denies each and every allegation of said paragraphs.

**RESPONSE TO FOURTH CAUSE OF ACTION**

13. Defendant does not at this time have sufficient information and belief to admit or deny the allegations of paragraphs 65, 66, 67, and 68 of the Complaint, and therefore denies each and every allegation of said paragraphs.

**BY WAY OF AFFIRMATIVE DEFENSES TO THE COMPLAINT**, the defendant alleges as follows:

FIRST DEFENSE:   Plaintiffs' complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE:   Plaintiff was partially, if not wholly, negligent or otherwise at fault on his own part, and should be barred from recovery of that portion of his damages attributable to his proportionate share of the negligence or fault.

THIRD DEFENSE:   Plaintiffs failed to mitigate their damages, if any there were.

FOURTH DEFENSE:    Plaintiffs' claims are barred by the doctrine of unclean hands.

FIFTH DEFENSE:    Plaintiffs' claims are barred by the doctrine of estoppel.

SIXTH DEFENSE:    The present tenant, though not in violation of the Americans with Disabilities Act, is commencing modifications to the premises to bring the premises up to current ADA standards.  Plaintiffs' claims for preliminary and permanent injunction will therefore be moot upon completion of the modifications.

SEVENTH DEFENSE:   This answering defendant no longer owns the subject premises and has no remaining interest in it.  Further, this answering defendant had no custody or possession of the premises during the periods described in plaintiffs' complaint.  The relief sought against this answering defendant is therefore beyond the control and capability of this answering defendant to provide, and this answering defendant is therefore not a proper party to this legal matter.

EIGHTH DEFENSE:    Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.  Defendants reserve their right to assert additional affirmative defenses under Rules 8(b) and 12(c) of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Defendant WINTER PROPERTIES demands a trial by jury in this matter.

Dated:        August 30, 2007

MARVIN PEDERSON,
Attorney for Defendants WINTER PROPERTIES, ANDRADE LUZ BEATRICE and ARMANDO ROBLES CORONEL, dba TAQUERIA EL CORONEL

# Proof of Service
[C.C.P. § 1013, C.R.C. § 2008, F.R.C.P. Rule 5]

I, the undersigned, say,

1. I am a citizen of the United States. My business address is 815 Fifth Street, Santa Rosa, California 95404. I am employed in the City of Santa Rosa, County of Sonoma, where this mailing occurs. I am over the age of eighteen years and not a party to this action.

2. On the Date set forth below, I served a copy of the foregoing document described as

**ANSWER OF DEFENDANT WINTER PROPERTIES TO PLAINTIFFS' UNVERIFIED COMPLAINT**

to the following person(s) by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas E. Frankovich
2806 Van Ness Avenue
San Francisco, CA 94109

/XX   /(BY MAIL) I placed each such sealed envelope, with postage thereon fully prepared for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of my firm's practice for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at Santa Rosa, California.

Dated: August 30, 2007

Leslie Thorson
Legal Assistant